Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
October 19, 2020

**2020 CO 76**

**No. 19SC50, *People v. Struckmeyer*—Mutually Exclusive Verdicts—Legally Consistent Verdicts—§ 18-1-503(3), C.R.S. (2019).**

A jury found the defendant guilty of both child abuse (knowingly or recklessly), a class 3 felony, and child abuse (criminal negligence), a class 4 felony, based on the same criminal conduct. A division of the court of appeals concluded that the verdicts were logically and legally inconsistent and could not be sustained because the class 3 felony child abuse (knowingly or recklessly) conviction required the jury to determine that the defendant was aware of the risk of serious bodily injury to the child victim, while the class 4 felony child abuse (criminal negligence) conviction required the jury to find that the defendant was unaware of the risk of serious bodily injury to the child victim. Because the division believed that the trial court had accepted mutually exclusive guilty verdicts, it found plain error, reversed the judgment of conviction, and remanded for a new trial.

The supreme court reverses. In *People v. Rigsby*, 2020 CO 74, ¶ 21, 471 P.3d 1068, the court observed that section 18-1-503(3), C.R.S. (2019), sets up a hierarchical system of culpable mental states in which: (1) "intentionally" or "with intent" is the most culpable, "knowingly" is the next most culpable, "recklessly" is the next most culpable, and "criminal negligence" is the least culpable; and (2) proving a culpable mental state necessarily establishes any lesser culpable mental state(s). Following *Rigsby*, the court now holds that the guilty verdict for class 3 felony child abuse (knowingly or recklessly) and the guilty verdict for class 4 felony child abuse (criminal negligence), even if *logically* inconsistent, are not *legally* inconsistent. By returning a guilty verdict on child abuse (knowingly or recklessly), the jury, as a matter of law, necessarily found that he acted with criminal negligence. Therefore, even if there is a *logical* inconsistency between acting knowingly and acting with criminal negligence, and between acting recklessly and acting with criminal negligence, no *legal* inconsistency exists in either scenario based on section 18-1-503(3).

2

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2020 CO 76

**Supreme Court Case No. 19SC50**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 15CA536

### Petitioner:

The People of the State of Colorado,

v.

### Respondent:

Michael W. Struckmeyer.

**Judgment Reversed**
*en banc*
October 19, 2020

**Attorneys for Petitioner:**
Philip J. Weiser, Attorney General
Erin K. Grundy, Senior Assistant Attorney General
*Denver, Colorado*

**Attorneys for Respondent:**
Megan A. Ring, Public Defender
Elyse Maranjian, Deputy Public Defender
*Denver, Colorado*

**JUSTICE SAMOUR** delivered the Opinion of the Court.
**JUSTICE GABRIEL** dissents.

¶1 A jury found Michael W. Struckmeyer guilty of both child abuse (knowingly or recklessly), a class 3 felony, and child abuse (criminal negligence), a class 4 felony, based on the same criminal conduct. A division of the court of appeals concluded that the verdicts were logically and legally inconsistent and could not be sustained because the class 3 felony child abuse (knowingly or recklessly) conviction required the jury to determine that Struckmeyer was *aware* of the risk of serious bodily injury to the child victim, while the class 4 felony child abuse (criminal negligence) conviction required the jury to find that Struckmeyer was *unaware* of the risk of serious bodily injury to the child victim. The division reasoned that Struckmeyer could not have acted both knowingly or recklessly, on the one hand, and with criminal negligence, on the other, in the course of a single criminal act. Because the division believed that the trial court had accepted mutually exclusive guilty verdicts, it found plain error, reversed the judgment of conviction, and remanded for a new trial.

¶2 The People then filed a petition for certiorari, which we granted in its entirety.[1] We now reverse.

---

[1] We agreed to review two issues:
1. Whether the court of appeals erred by concluding that the jury's verdicts finding the defendant guilty of both knowing/reckless child abuse

2

## I. Standard of Review and Preservation

¶3 Whether verdicts are mutually exclusive is a question of law. *People v. Delgado*, 2019 CO 82, ¶ 13, 450 P.3d 703, 705. We review questions of law de novo. *Id.*

¶4 Where, as here, a defendant fails to preserve an error, we must decide whether there was "an intentional relinquishment of a known right or privilege" or merely a "failure to make the timely assertion of a right." *People v. Rediger*, 2018 CO 32, ¶ 40, 416 P.3d 893, 902 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). If it's the former, the error is waived and appellate review is extinguished. *Id.* If it's the latter, the error is deemed forfeited and this court reviews for plain error. *Id.* "An error is plain if it is obvious and substantial and so undermines the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction." *Id.* at ¶ 48, 416 P.3d at 903.

¶5 The People argue that Struckmeyer waived any error regarding verdict inconsistency because he failed to raise the issue in the district court. We find this

resulting in serious bodily injury and criminally negligent child abuse resulting in serious bodily injury were inconsistent verdicts.

2. Whether the court of appeals erred by reversing for a new trial for inconsistent jury verdicts, instead of maximizing the jury verdicts by affirming the most serious conviction and merging the lesser offense.

3

contention puzzling because the People expressly agreed at the court of appeals that the issue was reviewable for plain error. "It is unclear . . . why the People believe that they can concede [reviewability] of an issue in the court of appeals and then take the opposite position in this court (apparently not recognizing the irony of their asserting a waiver when they themselves arguably waived such an assertion)." *People v. Rigsby*, 2020 CO 74, ¶ 47, 471 P.3d 1068 (Gabriel, J., dissenting). Accordingly, we reject the People's contention and review for plain error.

## II. Analysis

¶6 Just last month we observed in *People v. Rigsby*, 2020 CO 74, ¶ 21, 471 P.3d 1068, that section 18-1-503(3), C.R.S. (2019), sets up a hierarchical system of culpable mental states in which: (1) "intentionally" or "with intent" is the most culpable, "knowingly" is the next most culpable, "recklessly" is the next most culpable, and "criminal negligence" is the least culpable; and (2) proving a culpable mental state necessarily establishes any lesser culpable mental state(s). Consequently, we explained that: (1) by returning a guilty verdict on count 1 (second degree assault) and finding that Rigsby acted with intent, the jury, as a matter of law, necessarily found that he acted with criminal negligence for purposes of count 3 (third degree assault); and (2) by returning a guilty verdict on count 2 (second degree assault) and finding that Rigsby acted recklessly, the jury,

as a matter of law, necessarily found that he acted with criminal negligence for purposes of count 3 (third degree assault). *Id.* at ¶ 23. Hence, we determined that even if each of the guilty verdicts on counts 1 and 2 was *logically* inconsistent with the guilty verdict on count 3, no *legal* inconsistency existed and a new trial was not necessary. *Id.*

¶7 Following our decision in *Rigsby*, we hold that the guilty verdict for child abuse (knowingly or recklessly) and the guilty verdict for child abuse (criminal negligence), even if *logically* inconsistent, are not *legally* inconsistent. By proving that Struckmeyer acted knowingly or recklessly, the People necessarily established that he acted with criminal negligence. It follows that by returning a guilty verdict on child abuse (knowingly or recklessly), the jury, as a matter of law, necessarily found that he acted with criminal negligence. Therefore, even if there is a *logical* inconsistency between acting knowingly and acting with criminal negligence, and between acting recklessly and acting with criminal negligence, no *legal* inconsistency exists in either scenario based on section 18-1-503(3). After all, inasmuch as criminal negligence is subsumed within knowingly and within recklessly, acting with criminal negligence cannot be legally inconsistent with acting knowingly or acting recklessly. And guilty verdicts that are legally consistent are not mutually exclusive and do not require a new trial.

¶8 Because the trial court did not accept legally inconsistent guilty verdicts, it did not err, much less plainly err. And because the trial court merged the class 4 felony child abuse (criminal negligence) conviction into the class 3 felony child abuse (knowingly or recklessly) conviction, there are no multiplicity concerns or double jeopardy issues.

### III. Conclusion

¶9 For all the foregoing reasons, we reverse. We remand the matter to the court of appeals to reinstate Struckmeyer's judgment of conviction.

**JUSTICE GABRIEL** dissents.

JUSTICE GABRIEL, dissenting.

¶10 Apparently perceiving this case principally to involve an issue of multiplicity and merger, and not one of legally and logically inconsistent verdicts, the majority reverses the judgment of the division below. Maj. op. ¶¶ 8–9. The majority reaches this conclusion notwithstanding the fact that upholding Michael Struckmeyer's convictions for child abuse (knowingly or recklessly) and child abuse (criminal negligence) necessarily means that the jury found that Struckmeyer was aware of the risk of serious bodily injury to the child victim presented by his conduct and unaware of that same risk at the very same time.

¶11 For the reasons set forth in my dissenting opinion in *People v. Rigsby*, 2020 CO 74, ¶ 65, 471 P.3d 1068 (Gabriel, J., dissenting), I do not believe that this case presents an issue of multiplicity and merger, which implicates double jeopardy concerns. Rather, this case involves different constitutional principles, namely, a criminal defendant's rights to due process and to have a jury find beyond a reasonable doubt every element of the crimes charged. *Id.* Moreover, for the reasons that I developed at some length in my dissent in *Rigsby*, which I will not repeat here, I believe, contrary to the majority's view, that it is both legally and logically inconsistent for the jury to have found that Struckmeyer was aware of the risk of injury to the child victim and unaware of that same risk at the same time based on the same conduct. *Id.* at ¶¶ 49–65. I would thus conclude that reasonable

1

doubt inheres in the jury's verdicts and that Struckmeyer is therefore entitled to a new trial. *Id.* at ¶¶ 49–52, 66.

¶12     Accordingly, I respectfully dissent.